UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNIE H. EWTON

    Plaintiff,                              Case No.: 8:16-cv-00978-CEH-TBM

v.

PUSHPIN HOLDINGS, LLC

    Defendant.
_____/

# **O R D E R**

This cause comes before the Court upon Plaintiff Annie H. Ewton's Motion for Entry of Default Judgment (Doc. 10). Defendant Pushpin Holdings, LLC ("Pushpin") failed to respond to the Motion, and the time to do so has expired. The Court, having considered the Motion and being fully advised in the premises, will now grant Plaintiff's Motion.

**I.    STATEMENT OF FACTS**

This is an action to recover damages for alleged violations of the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq.* ("TCPA"). The Complaint alleges as follows: Pushpin is a debt collection agency conducting part of its business in Florida. Doc. 1 at ¶¶ 3, 5. Pushpin utilizes pre-recorded voice messages via an automatic dialing system to contact persons with an outstanding debt. *Id.* ¶ 10. Pushpin contacted Plaintiff, Annie H. Ewton, on her personal cellular phone on twenty (20) separate occasions from July 2013 to October 2015. *Id.* ¶¶ 3, 10.

On or about June 20, 2012, before Pushpin began placing calls to Plaintiff's cell phone; Pushpin mailed Plaintiff a letter concerning an alleged outstanding debt. *Id.* at Attachment A.[1] Several weeks later, on August 4, 2012, Plaintiff mailed the following response, in relevant part, to Pushpin concerning the alleged debt:

> This letter is [in] response to your Letter Dated June 20, 2012, concerning the above referenced account number. I have checked with my state Attorney General and confirmed that the Statute of Limitations on this type of debt has expired. Florida Statute 95.11 (2)(b) 5 years. Let this serve as a notification that I do not wish to be contacted about this debt any further except to be notified that future collection efforts [will be] terminated.

*Id.* Following Pushpin's receipt of Plaintiff's above-referenced letter, Pushpin allegedly began "harassing" Plaintiff by employing its automatic dialing system. *Id.* ¶ 3, Attachment C. Beginning on or about July 1, 2013, Pushpin called Plaintiff's cell phone and left pre-recorded messages in an attempt to collect the alleged debt, stating as follows:

> Civil action against you. Since your account is at least six months past due, this delinquency may have been reported to your Personal Credit Bureau Report. We would like to give you the opportunity to resolve this matter out of court. Please contact our office immediately at 888-271-4480.

*Id.* ("Affidavit of Annie H. Ewton"). In reality, however, there was never any such "civil action" pending against Plaintiff, nor was there any delinquent debt. *Id.* ¶ 3.

In her Complaint, Plaintiff alleges that Pushpin's debt collection activity violated the TCPA. *Id.* at ¶ 15. A summons was issued as to Pushpin, and service was executed on April 28, 2016. Docs. 2, 5. Pushpin failed to respond to the Complaint. In June 2016, Plaintiff sought, and the Clerk entered, a default against Pushpin. Docs. 7, 8.

---

[1] Plaintiff added three exhibits to her Complaint, referred to as "Attachment" A, B and C. She also attached a printout from www.sunbiz.org, Doc. 1 at 23; and her affidavit, *id.* at 24-25.

Plaintiff now moves for judgment by default, arguing that she is entitled to damages in the total amount of $30,472.04. Specifically, Plaintiff seeks $30,000 under the TCPA, $400 for court costs, $58 for service of process, and $14.04 for postage.

## II.   LEGAL STANDARD

A defendant who defaults is deemed to have "admit[ted] the plaintiff's well-pleaded allegations of fact." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *see also Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").

However, "default does not in itself warrant the court in entering a default judgment"—a court must still determine whether the factual allegations of the complaint provide a sufficient basis for the judgment entered, and "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Similarly, a plaintiff is entitled only to those damages adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). A court may award cash damages without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation. *See id.* at 1543.

## III.   DISCUSSION

### A.   Clerk's Entry of Default

Federal Rule of Civil Procedure 55(a) provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  A district court may enter a default judgment against a properly served defendant who fails to defend or

otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)." *DirectTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003). The federal rules provide that a plaintiff may serve a defendant by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process…."Fed.R.Civ.P. 4(h)(1)(B).

According to Plaintiff's Affidavit of Service ("Affidavit"), service was made on Nora Dindyal in New York City on April 28, 2016. Doc. 5. The Affidavit provides that Ms. Dindyal is "Intake" for Pushpin Holdings LLC, c/o CT Corp. 111 Eighth Avenue, New York, NY. Doc. 5. Plaintiff's "Affidavit of Failure to Plead or Defend as To Pushpin Holdings, LLC," (Doc. 6), identifies CT Corporation Systems as Defendant's "resident agent." The Court will construe the affidavit liberally as identifying CT Corporation System as Defendant's "registered agent."[2] *See Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). In any event, the record demonstrates that Plaintiff served an agent of Pushpin, which appears to satisfy the requirements under the Federal Rules of Civil Procedure. Therefore, the Court concludes that service and the clerk's default are proper.

### B. Liability

The TCPA makes it "unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any

---

[2] The New York State Department of State Division of Corporations identifies Pushpin Holdings, LLC as a New York Foreign Limited-Liability Company and confirms that its registered agent is CT Corporation System at 111 Eighth Ave, New York, NY 10011 *available at* https://appext20.dos.ny.gov/corp_public/corpsearch.entity_search_entry.

automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

Plaintiff, through the well-pleaded allegations of the Complaint and her uncontroverted affidavit, has established the following facts relevant to the issue of liability: In July 2013, Pushpin began placing automated telephone calls to Plaintiff's cell phone in an effort to collect a nonexistent debt. Doc. 1 at ¶¶ 3, 10. Plaintiff's cell phone records indicate that she received a total of twenty (20) calls from Pushpin between July 2013 and October 30, 2015. *Id.* Plaintiff received all of these calls from Pushpin's automatic telephone dialing system. *Id.* Further, none of the automated calls were made for emergency purposes or with Plaintiff's prior consent. *Id.* The uncontroverted allegations and evidence demonstrate that Pushpin violated the TCPA on twenty (20) separate occasions. Thus, the Court finds that Plaintiff is entitled to a default judgment on her TCPA claim. *Accord Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316 (S.D. Fla. 2012), *aff'd* 755 F.3d 1265 (11th Cir. 2014).

  **C.** **Statutory Damages in Default Judgments**

Having established Pushpin's liability under the TCPA, the Court must next determine whether a hearing is necessary to decide the amount of Plaintiff's damages. When assessing damages, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). Overall, "there is a strong policy of determining cases on their merits" and therefore defaults are viewed "with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Finally, "allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F.Supp. 2d 1342, 1346 (M.D. Fla. 1999).

"[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). The damages provided under the TCPA are liquidated damages. *Universal Underwriters Ins. Co. v. Lou Fusz Automotive Network, Inc.*, 401 F.3d 876, 881 (8th Cir. 2005). Thus, the Court may award damages without a hearing. *See Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) ("Given its permissive language, Rule 55(b)(2) does not require a damages hearing in every case. The district court may forego a hearing where all essential evidence is already of record.") (internal quotation marks and citations omitted).

### 1. Treble Damages under the TCPA

Plaintiff seeks a total of $30,000 in statutory damages, which represents $1,500 for each of the twenty (20) calls she received from Pushpin. Doc. 11. Plaintiff argues that she is entitled to treble damages—as opposed to the statutory minimum of $500 for each call—because Pushpin willfully and knowingly violated the TCPA. Doc. 1 at ¶ 17. After a careful review of the record and recent precedent, the Court agrees.

The TCPA creates a private right of action for violations of § 227(b)(1)(A)(iii). 47 U.S.C. § 227(b)(3). A plaintiff is entitled to either actual monetary losses or $500 in damages, whichever is greater, for each violation of the TCPA. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1250 (11th Cir. 2014) (quoting 47 U.S.C. § 227(b)(3)(B)). Further, "if the court finds that the defendant willfully or knowingly violated [the TCPA], the court may, in its discretion, [award up to treble damages]." 47 U.S.C. § 227(b)(3). To establish a willful or knowing violation, a plaintiff must show that "the violator [knew] he was performing the conduct that violates the statute." *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1101 (11th Cir. 2015). Thus, a court may award treble damages if the plaintiff proves "that the defendant knew, for example, that it did not

6

have consent to call the plaintiff's cellular phone number." *McBeth v. Credit Protec. Ass'n, L.P*, No. 8:14-CV-606-T-36AEP, 2015 WL 4429324, at *3 (M.D. Fla. July 20, 2015) (citing *Harris v. World Fin. Network Nat'l Bank*, 867 F. Supp. 2d 888, 895 (E.D. Mich. 2012)) (footnote omitted).

Florida courts require enough facts to support a conclusion that the plaintiff is entitled to treble damages. Simply alleging that the defendant willfully and knowingly called the plaintiff using an automatic dialing system, without more, is insufficient to support a finding of treble damages. *See Lary*, 780 F.3d at 1107 ("[T]he bare assertion . . . that the defendants 'willfully' and 'knowingly' violated the Act was a legal conclusion, not an allegation of fact that we must accept as true."); *see also Anderson v. Blueshore Recovery Systems, LLC*, No. 3:15-CV-338-J-34JRK, 2016 WL 1317706, at *5 (M.D. Fla. Feb. 25, 2016), *report and recommendation adopted*, 3:15-CV-338-J-34JRK, 2016 WL 1305288 (M.D. Fla. Apr. 4, 2016) (permitting only minimum statutory damages where plaintiff's complaint simply alleged that defendant "voluntarily" and "inten[tionally]" called her).

Recent cases have allowed plaintiffs to recover treble damages on default judgments when a defendant places automated calls contrary to a plaintiff's stated request. *See, e.g.*, *Arbelaez v. Capital Adv. Sols., LLC*, No. 15-23137-CIV, 2016 WL 2625020, at *1–2 (S.D. Fla. Jan. 20, 2016) (awarding treble damages when defendant continued to call plaintiff despite plaintiff's express revoked consent); *Gambon v. R & F Enterprises, Inc.*, No. 6:14-CV-403-ORL-18, 2015 WL 64561, at *5 (M.D. Fla. Jan. 5, 2015) (same); *Smilko v. Accelerated Receivables*, No. 8:11-CV-1328-T-33TBM, 2011 WL 5359064, at *1 (M.D. Fla. Oct. 28, 2011) (same).

Plaintiff's Complaint alleges that Pushpin willfully and knowingly violated the TCPA. Doc. 1 at ¶¶ 10–18. Among other things, Plaintiff alleges that Pushpin persistently called her over a twenty-seven (27) month period and Plaintiff never gave Pushpin express consent to place

7

automated calls to her cell phone. *Id*. In fact, Plaintiff expressly revoked her consent by mailing Pushpin a "Do Not Call" letter on August 4, 2012. *Id.* at ¶ 16. And she also states that Pushpin made the twenty calls "after receiving the intent to sue letter [.]" *Id*. at ¶ 18.

The uncontroverted evidence demonstrates that Pushpin violated the TCPA on twenty (20) separate occasions after Plaintiff requested that Pushpin stop contacting her on her cellular phone. Therefore, the record establishes sufficient facts for the Court to determine the total amount of damages. *See Clements v. DSM Supply LLC*, 8:13-CV-1096-T-33EAJ, 2014 WL 560561, at *2 (M.D. Fla. Feb. 13, 2014) (awarding statutory damages in the amount of $54,500.00, representing 13 faxes received prior to plaintiff's written request to cease the faxes at $500.00 each plus 32 faxes received after her written request to cease the faxes at $1,500.00 each). Plaintiff is entitled to an award of $1,500 for each of the twenty calls which totals $30,000 in statutory damages.

**C.   Costs**

In her Motion and Bill of Costs, Plaintiff requests costs in the amount of $400 for the filing fee, $58.00 for service of process, and $14.04 for mailing costs for a total of $472.04. Doc. 11 at ¶ 7, Doc. 12. Federal Rule of Civil Procedure 54(d) permits costs to the prevailing party. *See also* M.D. Fla. L.R. 4.18 (directing litigants to preserve claims for costs in their pleadings and file a separate petition). The Court finds these costs appropriate and will grant them accordingly. *See Lary*, 780 F.3d at 1107-08 (noting that Plaintiff must comply with Local Rules and Federal Rules of Civil Procedure when seeking costs as part of default judgment in TCPA case).

**IV.   CONCLUSION**

Plaintiff's well pleaded facts in her Complaint establish that she was the recipient of 20 unauthorized calls from Pushpin on her cellular phone. On August 21, 2012, she sent a letter notifying Pushpin to stop calling her. Pushpin continued to call thereafter. Therefore, it is liable

for statutory damages in the amount of $1,500 for each call. Since the Court can determine on this record when the calls occurred, it can grant Plaintiff her requested statutory damages in the amount of $30,000 plus costs in the amount of $472.04.

For the reasons stated above, it is hereby **ORDERED**:

1. Plaintiff's Motion for Default Judgment against Defendant (Doc. 10) is **GRANTED.**

2. The Clerk is directed to enter judgment in favor of Annie H. Ewton and against Pushpin Holdings, LLC in the amount of $30,472.04 which represents $30,000 in statutory damages and $472.04 in costs.

3. All pending motions are denied as moot and the Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida on March 6, 2017.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any